**FILED**
11:28 am Sep 15 2021
Clerk U.S. District Court
Northern District of Ohio
Cleveland

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **MARTIN ROBINSON,** | ) | **CASE NO. 1:19 CV 1090** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| v. | ) | |
| | ) | |
| **JIM SIMONE,** *et al.*, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendants. | ) | |

**Background and Preliminary Motions**

Plaintiff Martin Robinson, an Ohio prisoner currently incarcerated in the Toledo Correctional Institution, has filed a prisoner civil rights complaint in this matter against multiple defendants, including Sheffield Lake Police Officer Jim Simone, Chief of Police Campo, Mayor Bring, Prosecutor David Graves, Municipal Court Judge Mark Mihok, and the City of Sheffield Lake and its Police Department. (Doc. No. 1.)

His handwritten complaint is virtually incomprehensible. It does not set forth cogent factual allegations or legal claims against each of the defendants. Instead, in stream-of-consciousness format, the complaint consists of a convoluted amalgam of unclear and conclusory assertions and accusations of misconduct in connection with state criminal proceedings against him and his treatment.

His conclusory complaints include: "traffic stop/assault illegal search, det[ention], [and] false arrest" by Defendant Simone; "conspir[acy] in attempted murder" and "intimidation" and "threat of excessive force" by Defendant Campo; "kidnapping/human trafficking, false arrest/false imprisonment"; that Judge Mihok "took his stress out on [him] because of hv caseload" and violated due process by yelling at him while in handcuffs; Defendant Graves "attempted to prosecute" him while "aware of misconduct"; and Mayor Bring and other "supervisors" also were aware of "misconduct" by Defendant Simone and Graves.  (*Id*. at 3-4.)

For relief, plaintiff seeks an "indefinite amount" of damages for pain and suffering and that Defendants Simone, Campo, and Mihok be "fired immediately," arrested, and incarcerated. (*Id*. at 5.)

This Court dismissed plaintiff's complaint without prejudice for want of prosecution on the basis of plaintiff's failure to timely correct a deficiency in his motion to proceed in forma pauperis. The Sixth Circuit reversed this dismissal and remanded the action. Plaintiff thereafter filed a new motion to proceed in forma pauperis at the Court's direction. (Doc. No. 10.) He also filed a motion for "stay and appointment of counsel." (Doc. No. 13). These motions are both denied.

Although plaintiff initially filed a motion proceed in forma pauperis in this case, the record now reflects that he paid the filing fee. Therefore, his present motion to proceed in forma pauperis (Doc. No. 10) is moot and is denied on that basis. The Court does not find appointment of counsel or a stay warranted. Appointment of counsel in a civil proceeding is not a constitutional right and is justified only in exceptional circumstances, which the Court does not find exist here. *See Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (appointment of

counsel not warranted where plaintiff's claims are frivolous or his chances of success "extremely slim") (citation omitted). And the Court finds no valid reason to stay the case given plaintiff's desire to proceed. *See F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626–27 (6th Cir. 2014) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court.") (citation omitted).

## Standard of Review and Discussion

Because plaintiff is a prisoner seeking redress from governmental defendants, his complaint is now before the Court for initial screening under 18 U.S.C. § 1915A. That statute expressly requires federal district courts to review any complaint in which a prisoner seeks redress from governmental entities, officers, and employees, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from defendant who is immune from such relief. *See* 28 U.S.C. §1915A; *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

Although *pro se* pleadings generally are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (*per curiam*); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even a *pro se* complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face to avoid a dismissal. *Hill*, 630 F.3d at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) applies in reviewing a

complaint under § 1915A).

A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although detailed allegations are not required, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In addition, the complaint must set forth allegations sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Conclusory allegations that a defendant or group of defendants have violated a constitutional right are not sufficient. "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. He must allege that he suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Even according the plaintiff's complaint the deference to which a *pro se* pleading is entitled, it fails to satisfy the basic pleading requirements necessary to state a plausible claim. The litany of vague and conclusory accusations and assertions set forth in plaintiff's pleading are simply insufficient to demonstrate any plausible federal civil rights claim against any defendant in the case. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief). *See also Terrance v. Northville Reg. Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) ("claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or

general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right") (emphasis in original).

Furthermore, his complaint is subject to dismissal for additional reasons. To the extent he seeks to hold supervisory officials or employees liable for conduct of subordinates, his complaint must be dismissed because liability for a federal civil rights violation "must be based on more than respondeat superior, or the right to control employees." *See Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999). His complaint fails to state plausible claims against Judge Mihok and Prosecutor Graves to the extent he purports to sue them for conduct taken during the performance of their official duties as judge and prosecutor, because judges and prosecutors are entitled to absolute immunity in that context. *See Ireland v. Tunis*, 113 F.3d 1435, 1440-1444 (6th Cir. 1997) (discussing judicial and prosecutorial immunity). Finally, his complaint is subject to dismissal as against the City of Sheffield and the Sheffield Lake Police Department because a police department is not a defendant subject to suit for civil rights violations, and he has not alleged cogent facts plausibly suggesting that an unconstitutional official policy or custom of the City of Sheffield itself caused him to suffer a civil rights deprivation. *See Murphy v. Kenton Ohio Police Dept.*, No. 3:20 CV 2342, 2021 WL 795581, at *2 (N.D. Ohio Mar. 2, 2021) (police departments are not sui juris, meaning they are not capable of suing or being sued, and a municipality is not liable "unless action pursuant to official municipal policy of some nature caused a constitutional tort") (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978)).

**Conclusion**

Accordingly, based on all of the foregoing, plaintiff's motions to proceed in forma pauperis (Doc. No. 10) and for "stay and appointment of counsel" (Doc. No. 13) are denied, and his complaint is dismissed in its entirety for failure to state a claim upon which he may be granted relief pursuant 28 U.S.C. § 1915A. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

_____
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE